*New parties added* ~GW~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Docket No. 10 CV 1693*
*(SCR) (PED)*

_Thomas A. Binenti_

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_Kirschenbaum & Phillips P.C._
_Attorneys_

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

*AMENDED*
**COMPLAINT**

_____

Jury Trial: ☒ Yes  ☐ No
(check one)

**PRO SE OFFICE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/2010

I.  **Parties in this complaint:**

A.  List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff    Name    _Thomas A. Binenti_
             Street Address    _30 Fleetwood Avenue - Apt. 2F_
             County, City    _Westchester County; Mt. Vernon_
             State & Zip Code    _New York 10552_
             Telephone Number    _(914) 668-4096_

B.  List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

| Defendant No. 1 | Name | *KIRSCHENBAUM & PHILLIPS, P.C.* |
|---|---|---|
| | Street Address | *3000 HEMPSTEAD TURNPIKE - 4TH FL.* |
| | County, City | *NASSAU COUNTY, LEVITTOWN* |
| | State & Zip Code | *NEW YORK   11756* |
| | Telephone Number | *(516) 746-1144* |

| Defendant No. 2 | Name | |
|---|---|---|
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 3 | Name | |
|---|---|---|
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

| Defendant No. 4 | Name | |
|---|---|---|
| | Street Address | |
| | County, City | |
| | State & Zip Code | |
| | Telephone Number | |

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction?   *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? *FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §§ 1692c (a)(1), (b); 1692 k (2)(A).*

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship

Defendant(s) state(s) of citizenship

III.    **Statement of Claim:**

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur?   IN THE COMMON FOYER AREA OF THE APARTMENT BUILDING WHERE I LIVE.

B.      What date and approximate time did the events giving rise to your claim(s) occur? TUESDAY, OCTOBER 27, 2009, AT APPROXIMATELY 11:00 AM.

C.      Facts:  PLEASE SEE ATTACHED "STATEMENT OF CLAIM".

> What happened to you?

> Who did what?

> Was anyone else involved?

> Who else saw what happened?

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I SUFFERED UNNECESSARY INDIGNATION AND EMBARRASSMENT WITH MY NEIGHBORS.

*Rev. 05/2007*                                    3

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. ① I AM ASKING THIS COURT TO SANCTION THE DEFENDANT TO THE FULLEST EXTENT THIS COURT IS AUTHORIZED TO DO. CONSIDERING THE SEVERITY OF THE ACT AND THE DAMAGES INCURRED BY THE PLAINTIFF WITH HIS NEIGHBORS, AND THE FACT THAT THE DEFENDANTS ARE ATTORNEY'S AND CERTAINLY SHOULD KNOW BETTER, THEIR ACT IS INEXCUSABLE. IT CANNOT BE IN ANY WAY NOT TO BE INTENTIONAL, OR BE AN UNFORESEEN ERROR ON THEIR PART, SINCE SERVICE BY MAIL IS TYPICAL AND ALLOWED FOR A COMPLAINT OF THIS NATURE. THE DEFENDANTS ARE ATTORNEY'S "AT LAW", AND ARE ESPECIALLY OBLIGATED TO PRACTICE HIGH ETHICAL STANDARDS. ② I ALSO SEEK AN "ORDER" FORBIDDING ANY FUTURE PUBLIC POSTINGS. I AM SEEKING ONE-THOUSAND DOLLARS ($1,000.00) DAMAGES PURSUANT TO THE "FAIR DEBT COLLECTION PRACTICE ACT" (FDCPA) TITLE 15 USC §1692K (a)(1), (a)(2)(A), CIVIL LIABILITY.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6 day of April , 20 10 .

Signature of Plaintiff  *Thomas A. Birsante*

Mailing Address  30 Fleetwood Avenue; 2F
Mt. Vernon, NY 10552

Telephone Number  (914) 668- 4096

Fax Number *(if you have one)*  NONE

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| *In The Matter Of* | Docket No. 10 CV 1693 (SCR) (PED) |
| THOMAS A. BINENTI *Plaintiff,* | |
| -against- | **CLAUSE III STATEMENT OF CLAIM** |
| KIRSCHENBAUM & PHILLIPS, P.C. ATTORNEYS *Defendants,* | SUBMITTED BY: THOMAS A. BINENTI PLAINTIFF, Pro-Se. |

-----------------------------------------------------------

THOMAS A. BINENTI, being the Plaintiff in this action and moving Pro-Se, declares under the penalty of perjury that the following is true and correct:

III  Statement of Claim:

C.  Facts:

On Tuesday October 27, 2009, at approximately 11:00 AM, the Defendants posted a "Summons and Complaint" regarding a Consumer Credit Card Transaction case they intend on filing against your plaintiff in Mt. Vernon City Court. They posted this "Summons and Complaint" in the common area of the Foyer of my apartment building where all my neighbors, as well as public visitors and delivery people, could see it.

Since it is perfectly allowable to serve a Summons and Complaint of this nature by mail, especially since it had no return date yet, this Summons could have been served more easily, cheaper, and most importantly, **privately** by U.S. Mail; or placed under my apartment door for privacy. Posting a "Summons" in a common and publicly used area of an apartment building is only excusable when the very subject nature of the Summons itself poses a threat or danger to the general community in the building; such as a severe rodent infestation or serious mole growth problem. Or, when it's a vital public notification posted by local, state or federal officials.

This act on the part of the Defendants can easily be construed as "communication with a consumer at an unusual time or place known or what should be known to be inconvenient to the consumer", in accordance with the Fair Debt Collection Practices Act (FDCPA) Title 15 USC §1692c (a) (1).

-1 of 3-

It can also be construed as "Communicating with third parties" in where, both my neighbors and other visitors to the building, have now been made aware of the nature of the "Summons and Complaint", in accordance with §1692c (b). This is a classic example of "Contact by Embarrassing Media," as defined by the FDCPA.

Because your Plaintiff has advanced congestive heart failure, a couple of coronary artery stents, an implanted "HeartNet" mesh device placed around my heart to help it function more efficiently, and an implanted defibrillator, my mobility is somewhat limited, and I'm almost always home. I certainly was home on Tuesday, October 27th, the day the "Summons" was posted in the Foyer; I was home all day. This method of service in a public area of my apartment building is a form of harassment which was meant to embarrass me and induce me to pay up. As a result, I have suffered irreversible indignation and embarrassment with my neighbors, whom I've lived with for almost forty (40) years.

The Summons was noticed by a neighbor, Mr. Joseph De Crescenzo, on Tuesday, October 27, 2009, at approximately 11:00 AM. Then, Mr. De Crescenzo, noticing that the Summons was still posted the following day on Wednesday, October 28th., called up to me through the intercom system to inform me of its existence. I hadn't left the house in a couple days, therefore, I wasn't aware even aware that the Summons was in the Foyer. At one point, Mr. De Crescenzo also noticed several neighbors reading this Summons.

I took pictures of the Summons as it was posted, and then removed it from the Foyer. Also, Mr. De Crescenzo signed a letter of confirmation of the facts regarding this matter. Such Summons and Complaint, pictures and letter are attached to this Complaint.

-2 of 3-

Case 7:10-cv-01693-SCR-PED   Document 4   Filed 04/06/10   Page 7 of 17

SDNY DOCKET No.10 CV 1693 / CLAUSE III - STATEMENT OF CLAIM
THOMAS A BINENTI v/s KIRSCHENBAUM & PHILLIPS, P.C.

## AMENDMENTS

All the initial facts stated in the original "CLAUSE III – STATEMENT OF CLAIM," previously dated November 6, 2009, are stated on pages number one and two of this instant "CLAUSE III – STATEMENT OF CLAIM,"*supra*; exactly as they were on that original Complaint of November 6, 2009.

This portion of the Complaint, "Clause III - Statement of Claim," is being amended to add the following two (2) new and significant facts to that original Complaint filed November 6, 2009:

1)  The addition of a "Notarized" letter from a neighbor, Mr. Joseph DeCrescenzo, which was previously submitted to this Court in the form of a "Signed" letter. This particular "Notarized" copy was also submitted to the Mt. Vernon City Court Judge as a replacement for that same originally-submitted "Signed" letter to them. Such Notarized copy was further used [in conjunction with other significant evidences submitted] by the Mt. Vernon City Court to dismiss the case against your Plaintiff.
    Such Notarized letter is attached to this "Amended Complaint, *"and*

2)  The addition of "The Decision and Order" Docket No. 4532-09, of the Mt. Vernon City Court Judge, Hon. Adam Seiden, dismissing the action to recover against this now-plaintiff, Thomas A. Binenti, by the now-defendants, Kirschenbaum & Phillips, P.C., finding that the "service upon the defendant *was improper ...*"
    Such Decision and Order is attached to this "Amended Complaint,"

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this: _6ᵀᴴ*_ day of _April_ , 2010.

Signature of Plaintiff: _Thomas A. Binenti_

Mailing Address:  30 Fleetwood Avenue
                          Apt. 2f
                          Mt. Vernon, New York 10552

Telephone Number: (914) 668-4096
         Fax Number:  None





CITY COURT OF THE CITY OF MOUNT VERNON
COUNTY OF WESTCHESTER

CONSUMER CREDIT TRANSACTION
Orf File No. FA07065
Court Index No: 9532-09

**FIA CARD SERVICES, N.A.**

Plaintiff

**SUMMONS**
Plaintiff's address

655 PAPERMILL ROAD
NEWARK NJ 19711

— against —

**THOMAS A BINENTI**

Defendant (s)

The basis of venue is:
Defendant resides in the State of New York, County of WESTCHESTER

To the above named defendant (s):

**YOU ARE HEREBY SUMMONED**

and required to appear in the City Court of the CITY OF MOUNT VERNON, at the office of the Clerk of the said Court at 2 ROOSEVELT SQUARE, MOUNT VERNON, NY 10550 in the County of WESTCHESTER, State of New York, by serving an answer * to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff at the address stated above, within the time provided by law as noted below. Upon failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

    * You need not physically go to the court to serve an answer.

Dated: September 19, 2009

**KIRSCHENBAUM & PHILLIPS, P.C.**
Attorneys for Plaintiff

BY:

**ELLIOT PHILLIPS**
3000 Hempstead Turnpike, Fourth Floor
Levittown, New York  11756
(516) 740-1144

NOTE: The Law or rules of court provide that:
    (1) If this summons is served by its delivery to you personally within the County of WESTCHESTER, you must answer within 10 days after such service; or
    (2) If this summons is served by delivery to any person other than you personally, or is served outside the County of WESTCHESTER, or by publication, or by any means other than personal delivery to you within the County of WESTCHESTER, you are allowed 30 days after service is complete within which to answer.

Defendant (s) Address:
30 FLEETWOOD AV   MOUNT VERNON NY 10552

**WE ARE DEBT COLLECTORS-THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CITY COURT OF THE CITY OF MOUNT VERNON     CONSUMER CREDIT TRANSACTION
COUNTY OF WESTCHESTER                       Our File No. TA20359

FIA CARD SERVICES, N.A.                     Court Index No. 4532-09

                                                          10|9|09
                              **Plaintiff**   **SUMMONS**
        -against-                            Plaintiff's address:

THOMAS A BINENTI                             655 PAPERMILL ROAD
                                             NEWARK NJ19711

                            **Defendant (s)**

The basis of venue is:
      Defendant resides in the State of New York, County of WESTCHESTER

To the above named defendant (s):

      **YOU ARE HEREBY SUMMONED**

and required to appear in the City Court of the CITY OF MOUNT VERNON, at the office of the Clerk of the
said Court at 2 ROOSEVELT SQUARE, MOUNT VERNON, NY 10550 in the County of WESTCHESTER,
State of New York, by serving an answer * to the annexed complaint upon plaintiff's attorney, at the address
stated below, or if there is no attorney, upon the plaintiff at the address stated above, within the time
provided by law as noted below; Upon failure to answer, judgment will be taken against you for the relief
demanded in the complaint, together with the costs of this action.

      * You need not physically go to the court to serve an answer.

Dated: September 19, 2009

                                             **KIRSCHENBAUM & PHILLIPS, P.C.**
                                             Attorneys for Plaintiff
                                             BY

                                             _____
                                             ELLIOT PHILLIPS
                                             3000 Hempstead Turnpike, Fourth Floor
                                             Levittown, New York  11756
                                             (516) 746-1144

NOTE:  The Law or rules of court provide that:
      (1) If this summons is served by its delivery to you personally within the County of WESTCHESTER,
you must answer within 10 days after such service; or
      (2) If this summons is served by delivery to any person other than you personally, or is served
outside the County of WESTCHESTER, or by publication, or by any means other than personal delivery to
you within the County of WESTCHESTER, you are allowed 30 days after service is complete within which to
answer

Defendant (s) Address:
30 FLEETWOOD AV   MOUNT VERNON NY 10552

**WE ARE DEBT COLLECTORS-THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

CITY COURT OF THE CITY OF MOUNT VERNON      Our File No. TA20359
COUNTY OF WESTCHESTER

---

FIA CARD SERVICES, N.A.

                         Court Index No.

                         **Plaintiff**

           -against-               **COMPLAINT**

THOMAS A BINENTI

                         5329058165000341

                         **Defendant (s)**

---

Plaintiff, by its attorneys, complaining of the defendant(s), respectfully alleges:

1.     Plaintiff is a corporation authorized to do business in the State of New York.

2.     That the defendant(s) resides in the county in which this action is brought; or that the defendant(s) transacted business within the county in which this action is brought in person or through an agent and that the instant cause of action arose out of said transaction.

### FOR A FIRST CAUSE OF ACTION

3.     The defendant(s) heretofore entered into a credit card agreement with plaintiff's predecessor in interest, FIA CARD SERVICES, N.A. .

4.     Under the terms of the agreement the defendant(s) were authorized to, and did make, charge purchases and obtain cash advances and were obligated to repay the same together with applicable interest however, defendant(s) defaulted in making the payment due leaving a balance of $2,882.93 as of April 30, 2009.

5.     Plaintiff took by assignment all right, title and interest to receive the payments due pursuant to, and in accordance with the said credit card agreement, and is the legal assignee of the original creditor.

6.     Defendant(s) is/are liable to plaintiff as a result of defendant(s) breach of agreement.

### FOR A SECOND CAUSE OF ACTION

7.     That heretofore, plaintiff, or the assignor, rendered to defendant(s) monthly, full, just and true accounts of the indebtedness due and owing by defendant(s) as a result of the aforesaid transaction, which is the sum set forth above, and said statements were delivered to, received, accepted and retained by defendant(s) without objection, resulting in an account stated for the amount claimed above.

WHEREFORE, plaintiff demands judgement against the defendant(s) for the sum of $2,882.93 with interest from April 30, 2009, together with costs and disbursements.

September 19, 2009

                                      **KIRSCHENBAUM & PHILLIPS, P.C.**
                                      Attorneys for Plaintiff
                                      3000 Hempstead Turnpike, Fourth Floor
            ELLIOT PHILLIPS              Levittown, New York 11756
                                      (516) 746-1144

October 29, 2009

Mr. Joseph DeCrescenzo

30 Fleetwood Avenue

Mt. Vernon, New York 10552

(914) 664-2927


To whom it may concern:

Please let it be known that on Tuesday October 27, 2009 at approximately 11:00 AM, I saw a notice of "complaint" in the form of a court summons from a FIA Card Services against Thomas Binenti, one of my neighbors. This notice was posted conspicuously next to the apartment bell buzzer buttons in the entrance foyer of our apartment building. This is one of the most common areas of the building, and it was obviously placed there were everyone could see it. In fact, I observed several other neighbors reading the notice during the time it was up.

The next day, Wednesday October 28, 2009, after seeing that the notice was still there, I buzzed up to the apartment of my neighbor Thomas Binenti to inform him about it.

All the tenant's names and apartment numbers are clearly listed on those bell buzzers where the notice was placed, making it easy to reach any tenant at any time. This notice could have just as easily been placed under the tenant's door. It makes me feel uneasy to find out about a neighbor's personal business in that manner.

Please feel free to contact me should you have any questions regarding this incident.


STATE OF NEW YORK        )

COUNTY OF WESTCHESTER) ss.:


I, _____, being duly sworn, deposes and says that I am the person making the statement in this Affidavit and I have read the foregoing Affidavit, and know the contents thereof and that the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.


SWORN TO BEFORE ME THIS

_10_ DAY OF _December_, 2009


_____

(NOTARY PUBLIC)

SUZZANNE ANDERSON
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. #01AN6132425
MY COMMISSION EXPIRES AUG 29, 20__



BEFORE:   HON. ADAM SEIDEN
          ASSOCIATE CITY JUDGE OF MOUNT VERNON
-----------------------------------------------------------------------------------------------
CITY COURT OF MOUNT VERNON
MOUNT VERNON:  NEW YORK
--------------------------------------------------------------------X
FIA CARD SERVICES, N.A.,

                         Plaintiff,              .        DECISION AND ORDER
                                                          Docket # 4532-09

          -against-

THOMAS A. BINENTI,
                         Defendant.
--------------------------------------------------------------------X

          In this action to recover the balance due under a credit card agreement, the

defendant moves to dismiss the complaint with prejudice on the grounds that the

complaint is defective, that defendant is suffering from medical and financial hardships

and on the grounds that plaintiff failed to secure personal jurisdiction over defendant

because service of process was improper.  Plaintiff opposes the motion on the grounds:

1) that the causes of action stated in the complaint are sufficiently pled; 2) that

defendant's hardships are not a legal basis for dismissal fo the action and; 3) that

service of process was proper.

          Although defendant's papers demonstrate both medical and financial hardships

the court cannot as a matter of law dismiss the instant action with prejudice in the

interests of justice on that basis.  However, defendant has asserted that plaintiff failed to

properly serve the defendant with process in the instant matter.  Specifically, defendant

has asserted that plaintiff's process server affixed the summons and complaint to the

wall in the public entrance foyer leading into defendant's apartment building.  Defendant

attached to his papers a letter from one of his neighbors, Mr. Joseph DeCrescenzo,

stating that the he observed the summons posted on the wall next to the apartment bell buzzer buttons.

In opposition, plaintiff merely states that "the process server indicates that defendant was served pursuant to CPLR § 308(4)" and that plaintiff's proof regarding the improper service is inadmissible.  In reply, plaintiff submitted an original notarized copy of the same letter was attached to his moving papers.

The Court finds that service upon the defendant was improper because it was not affixed to the door that led to defendant's apartment and there is no allegation by the plaintiff that its process server was unable to gain access to defendant's actual apartment door.  Lombay v. Padilla, 2010 NY Slip Op 1623 (2nd Dept. Feb. 23, 2010); Evans v. Sedgwick, 66 A.D.2d 700 (1st Dept. 1978).

Accordingly, defendant's motion to dismiss is granted.

The Court considered the following papers on this motion:

Notice of Motion, dated November 5, 2009, Affidavit in Support, Exhibits A1-H; Affirmation in Opposition dated December 1, 2009; Defendant's Response dated December 22, 2009, Exhibits A-M.

Dated:       March 18, 2010
             Mount Vernon, New York

ADAM SEIDEN
Associate City Judge of Mount Vernon

To:    Kirschenbaum & Phillips, PC
Attorneys for Plaintiff
3000 Hempstead Turnpike, 4th Floor
Levittown, New York 11756

Thomas A. Binenti, Esq.
Defendant *Pro Se*
30 Fleetwood Avenue, Apt. 2F
White Plains, New York 10552



$ 00.44



**CITY COURT OF MOUNT VERNON**
ROOSEVELT SQUARE
MOUNT VERNON, N.Y. 10550-2019

Thomas A. Bimenti, Esq.
30 Fleetwood Avenue, Apt. 2F
White Plains, New York 10552

i055232872 C027